## Nathan Plaut & Son v. Acree, etc.

(Decided June 16, 1925.)

### Appeal from Harlan Circuit Court.

Assignments for Benefit of Creditors—Assignee for Benefit of Creditors, Failing to Account for Property and Funds Received, Held Liable to Creditor of Assignor for Percentage of Claim as Agreed on.—Where assignee for benefit of creditors agreed with creditors to settle at 75 cents on the dollar, but was wholly unable to render an accounting of property assigned to him, and which he sold, held that, as to a creditor to whom no money was paid, assignee was liable for 75 per cent of the amount of such creditor's claim; agreement to settle at 75 cents on the dollar not operating as waiver of assignment.

HALL, JONES & LEE for appellants.

F. F. ACREE and J. S. FORESTER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellants, Nathan Plaut & Son, sued appellees, F. F. Acree, as assignee of M. M. Ball, and his sureties, to recover $393.42, the amount of an account for merchandise owing to them by Ball. Appellee, by answer admitted that by a deed of assignment Ball had conveyed to him for the benefit of all his creditors all his property not exempt from execution, but he further pleaded that

after the assignment was made all the creditors, including appellants, agreed to compromise and settle their claims against Ball at seventy-five cents on the dollar; and that thereafter the assignment was disregarded and that, although he converted the estate assigned to him by Ball into cash and Ball turned over to him in addition $700.00 in money and he paid the same out for Ball to his creditors, settling with them at seventy-five cents on the dollar as far as the money in his hands would go, the money gave out before he reached appellant's claim and that no money ever came to his hands with which to pay appellants and therefore he was not liable. By agreement the affirmative allegations of the answer were controverted of record, and, upon the trial of the case, at the conclusion of all the evidence, the trial court, over appellants' objection, peremptorily instructed the jury to find for appellee, upon the theory that there was a failure of proof to show that the money sued for ever went into the hands of appellee Acree.

The uncontradicted evidence discloses that Ball executed and delivered the deed of assignment to Acree; that an inventory of the property assigned was made and filed showing that as assignee Acree took possession of a stock of goods valued at $2,000.00; a half interest in a tract of land valued at $400.00, and an interest in certain other property valued at $100.00. It appears that Acree has never made any settlement or accounting as assignee. In addition to the property above mentioned there was delivered to him by the assignor all of the accounts owing to M. M. Ball. While testifying in the case Acree was unable to state the name of the person to whom he sold or the amount he received for the stock of goods when sold by him; neither could he name the person who purchased or the amount received by him for the half interest in the tract of land appraised at $400.00; neither could he name the person who purchased or the amount received by him for the interest in the other property appraised at $100.00. He admitted, however, that as assignee he sold and conveyed all of that property. He was unable to state whether or not he collected any of the accounts due his assignor which had been turned over to him. He admitted that, in addition to what he received as proceeds of the property sold by him, M. M. Ball turned over to him $700.00 in cash after

the creditors agreed to take seventy-five cents on the dollar. Although he was the trustee for the creditors under the deed of assignment; he testified that in procuring the creditors to agree to accept seventy-five cents on the dollar he was acting as attorney for Ball, and that when that agreement was made the creditors accepting the agreement released him from liability as assignee and agreed to take the debt on Ball. He introduced a letter from appellants to substantiate that claim. It, however, was nothing more than appellants' agreement to settle the claim at seventy-five cents on the dollar. He could not be positive and did not testify whether or not appellants' claim against Ball was sent to him as an attorney for collection before the deed of assignment was made or whether it was sent as a claim against the insolvent estate. A portion of the receipts executed by him to other creditors were filed as evidence which disclose that in settling with them at seventy-five cents on the dollar he prepared the receipt by which they receipted him as the assignee of M. M. Ball for the money he paid them. After the assignment was made the fact that the creditors agreed to settle at seventy-five cents on the dollar did not and could not operate as a waiver of the assignment, and, under the evidence of this record, could not have been so understood by appellee Acree. He continued in possession of the property assigned, sold it and converted the money, accepted the additional money put up by the assignor and distributed it. If the proceeds of the property assigned to him and the money delivered to him by the assignor were not sufficient to pay the creditors seventy-five cents on the dollar it was his duty to distribute it *pro rata* among them. Appellee Acree undertook to testify that he had mailed appellants a check for $150.00 on their claim, but could not produce the check or any records of the bank on which it was drawn to substantiate his claim. He testified that after disposing of all the property assigned to him and after receiving the additional $700.00 in money he had only $2,400.00, proceeds of the assigned estate. However, the property conveyed to him by the deed of assignment was appraised at $2,500.00, and, as indicated above, appellee was wholly unable to render an accounting of the property which was assigned to him and which he sold. Those who act in a fiduciary capacity are held to strict accountability for the property that comes to their hands

and the responsibility may not be lightly brushed aside as was attempted to be done by appellee in this action.

Having wholly failed to account for the property that came to his hands as assignee of M. M. Ball, which was appraised at $100.00 more than appellee claims to have had on hand after the assignor paid in an additional $700.00, at the conclusion of the evidence the trial court, instead of peremptorily instructing the jury to find for appellee, should have peremptorily instructed the jury to find for appellants the sum of $310.05, which appears to be seventy-five per cent of the amount of its claim. If appellee had properly accounted for the proceeds of the assigned property that came to his hands the trial court in any event should have permitted appellants to recover their *pro rata* part of the total amount received by Acree as assignee of M. M. Ball.

For the foregoing reasons the appeal is granted and the judgment herein is reversed and the cause remanded for further proceedings consistent herewith.